## Robert J. Fulton *vs.* Wright W. Williams.

The joint and several note of a partnership is not extinguished by a transfer thereof to another firm composed in part of the same persons; and the latter firm may negotiate the note to third persons.

Assumpsit by an indorsee, to recover the instalment due July 1st, 1850, on a promissory note of the following tenor: "Boston, June 5th, 1849.—For value received, I promise to pay George Roberts, or order, fourteen hundred dollars, as follows, to wit: fifty dollars and interest, July 1st, 1849; three hundred dollars and interest, January 1st, 1850; five hundred and twenty-five dollars and interest, July 1st, 1850; five hundred and twenty-five dollars and interest, January 1st, 1851. Wright W. Williams." The defendant specified in his defence that said note was not indorsed until after said instalment fell due, and claimed to set-off a note held by him as indorsee, of the following tenor:—" Boston, November 10th, 1848.—Six months after date, for value received, we jointly and severally promise to pay Sewall Packard, or order, two hundred and fifty dollars with interest. Roberts & Plaisted."

At the trial in the court of common pleas, before *Wells,* C

J., it was proved that the note filed in set-off, was signed by George Roberts, the payee of the note in suit; that it was given for a debt of the firm of Roberts and Plaisted, of which he was a member; that said firm afterwards dissolved, and a new firm of Williams and Plaisted was formed, composed of this defendant and said Plaisted; and that said Williams had in his possession the note filed in set-off, as indorsee, before the 1st of July, 1850. There was evidence in the case, tending to prove, and which the plaintiff contended did prove, that the note filed in set-off was originally purchased from said Packard by the firm of Williams and Plaisted, and the same was afterwards transferred by said firm, prior to July 1st, 1850, to the defendant Williams. On this point, the judge instructed the jury, that if said note was so purchased of Packard, by the firm of Williams and Plaisted, it could not afterwards be so transferred to Williams as to make it a subject of set-off against George Roberts.

The jury returned a verdict for the plaintiff, for the full amount claimed; and to the foregoing instructions the defendant excepted.

*A. A. Ranney*, for the defendant.

*T. Willey*, for the plaintiff.

THOMAS, J. The only question raised by the exceptions, is that of the set-off of the note signed " Roberts and Plaisted." The specification of defence was that the note sued by the plaintiff, was not indorsed to him by the payee till the instalment of July 1st, 1850, was overdue. The instructions of the court are therefore to be regarded as if the suit were brought by George Roberts. Indeed; the ruling of the court was, that the note signed Roberts and Plaisted, as then held by Williams, was not the subject of a set-off as against Roberts.

The first question is, was Roberts severally liable on the note filed as set-off. The note is in terms joint and several. It is signed Roberts and Plaisted, and that signature was made by Roberts. It may well be doubted whether this form of note made Plaisted severally liable, but this question we do not feel it necessary to determine. It is enough that

Roberts was severally liable on the note ; that the note is his own act, the effect of which he would be estopped to deny.

As against Roberts then, or this plaintiff, if he received the note sued, when the instalment was overdue, this note signed Roberts and Plaisted, was a proper subject of set-off, unless the purchase of it by the new firm of Williams and Plaisted operated as a payment, so that it could not be afterwards transferred to the defendant. What the plaintiff offered to prove, and introduced evidence tending to prove, was that the note filed in set-off was purchased of the payee Packard, by the firm of Williams and Plaisted, and was, afterwards, but before July 1st, 1850, when the instalment sued for became due, transferred to Williams the defendant. That a note once paid by the promisor, loses its vitality and cannot again be put into circulation is well settled. If this note had been purchased by Plaisted alone, on his several account, such purchase would have extinguished the note. But we see no reason for extending the rule to the purchase, by a firm of a note signed by one of its members, or by such member jointly with others. While such note remains the property of the firm so purchasing, there is a disability to sue, because the same person would be defendant and plaintiff; but this is purely technical, and upon the indorsement of the note an action may well be maintained by an indorsee not connected with the origin of the note. In the case of a note given by a firm to one of its members, such member could not sue it in his own name, but he may indorse it, and such indorsee may sue. The same technical difficulty would exist as to a note given by a member of a partnership to the firm, yet when indorsed by the firm the difficulty is removed. *Little* v. *Rogers*, 1 Met. 108 ; *Smith* v. *Lusher*, 5 Cow. 688 ; *Thayer* v. *Buffum*, 11 Met. 398.

We are of opinion that the facts stated do not show a payment of the note before it was transferred to Williams, and that it was a proper subject of set-off.

*Exceptions sustained.*